## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

Criminal No. 25- 494 (CVR)

EXPLORING TOGETHER THERAPY LLC,
Defendant.

## PLEA AGREEMENT

The United States of America, Defendant, Exploring Together Therapy LLC, and Defendant's counsels, Mayte Bayolo and Giovanni Canino, pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Information in Criminal No. 25-494 (hereinafter "Information").

From in or about January 2021, and continuing thereafter until in or about July 2024, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendants, Exploring Together Therapy LLC, willfully and knowingly did steal, purloin, and convert to the use of another federal funds of the United States Department of Education, having a value exceeding $1,000, in violation of 18 U.S.C. § 641.

## 2. Maximum Penalties

The maximum penalty for the offense charged in Count One of the Information is a fine not to exceed $500,000 pursuant to 18 U.S.C. § 3571(c)(3) and up to five years of probation pursuant to U.S.S.G. §§ 8D1.3-8D1.4.

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of four hundred dollars ($400.00) per count of conviction pursuant to 18 U.S.C. § 3013(a)(2)(B). The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to §§ 8C2.2 through 8C2.9 of the Guidelines order Defendant to pay a fine. The United States reserves the right to argue for fines and Defendant may argue for no fines. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial

statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996. The defendant further agrees to pay $190,820 in restitution to the Puerto Rico Department of Education (PRDOE) in relation to federal benefits improperly disbursed because of the conduct charged in Count One of the Information. The defendant acknowledges that the restitution in this case does not impact the administrative policies and/or proceedings of the PRDOE.

The defendant agrees not to sell, transfer, loan, assign, dispose, remove, conceal, waste, encumber, destroy, or otherwise devalue any property or asset worth more than $5,000 before sentencing and before satisfaction of any fine or restitution imposed, without the prior written approval of the United States. The defendant agrees to notify the United States in writing of any interest in any property or asset which is valued at more than $5,000 that the defendant may obtain, directly or indirectly, after execution of the Plea Agreement until the fine or restitution is paid in full. The defendant understands and agrees that defendant's failure to comply with this provision of the Plea Agreement shall be considered a material breach of the Plea Agreement.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in

any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of probation, between 1-5 years, and any conditions of probation permitted pursuant to U.S.S.G. §§ 8D1.3-8D1.4.

The parties agree that any recommendation by either party below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 8. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for the Defendant.

## 9. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is five years of probation or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of probation, imprisonment, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 10. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence

under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 11. Satisfaction with Counsel

Defendant is satisfied with counsels, Mayte Bayolo and Giovanni Canino, and asserts that counsels have rendered effective legal assistance.

## 12. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately,

determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 13. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.



### 14. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 15. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no

promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 16. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 17. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 18. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 19. Payment of Monetary Penalties

Defendant understands and agrees that, pursuant to 18 U.S.C. §§ 3613 and 3572, all monetary penalties imposed by the Court will be due immediately and subject to immediate enforcement by the United States. Within 14 days of a request, Defendant agrees to provide all of Defendant's financial information (including, for example, balance sheets and account statements) to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, Defendant agrees to be referred to the Treasury Offset Program, so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay Defendant's unpaid monetary penalties. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

## 20. Corporate Authorization

Defendant states that it is authorized to enter into this agreement. Before the date that this Plea Agreement is signed, Defendant's representative shall provide the United States with a written statement in the form of a corporate resolution certifying that Defendant is authorized to enter into and comply with all of the terms of this agreement. The corporate resolution shall certify that all corporate formalities for such

authorizations have been observed. The resolution shall further certify that Arlene A. Cabot-Carlo, the President the defendant corporation, is authorized to take these actions. Defendant further agrees that Arlene A. Cabot-Carlo shall appear on behalf of Defendant to enter the guilty plea and for imposition of the sentence in the United States District Court for the District of Puerto Rico.

## 21. Organizational Changes

Defendant shall not, through a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this Plea Agreement. This Plea Agreement ,together with all of the obligations and terms hereof, shall inure to the benefit of and bind partners, assignees, successors-in-interest, or transferees of the defendant.

[INTENTIONALLY LEFT BLANK]

## 22. Discovery Waiver

Defendant waives the right to request and receive any Rule 16 discovery from the United States either now or at any future time, including prior to sentencing.

W. STEPHEN MULDROW
United States Attorney

**SETH ERBE** Digitally signed by SETH ERBE
Date: 2025.10.28 09:15:24
-04'00'

Seth E. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud and Corruption Unit
Dated: _____

Mayte Bayolo
Counsel for Defendant
Dated: _____

Linet Olinghouse
Assistant U.S. Attorney
Dated: 10/27/25

Giovanni Canino
Counsel for Defendant
Dated: 10/22/2025

Exploring Together Therapy LLC
Defendant
Dated: 10/22/2025

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 10/22/2025

Exploring Together Therapy LLC
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 10/22/2025

Mayte Bayolo
Giovanni Canino
Counsels for Defendant

**STIPULATION OF FACTS**

In conjunction with the submission of the accompanying Plea Agreement in this case, the defendant, Exploring Together Therapy LLC, admits that it is guilty as charged in Count One of the Information and admits the following:

The Puerto Rico Department of Education (PRDOE) is responsible for the planning and administration of all public elementary, secondary and some post-secondary education throughout Puerto Rico. PRDOE administers various federal financial-assistance programs funded by the United States Department of Education intended for students in Puerto Rico's public and private schools.

The Provisional Remedy Program is a PRDOE program that provides services to Special Education students. These services can be provided by awarding contracts to service providers. According to Puerto Rico Registry of Corporations and Entities, Exploring Together Therapy LLC was incorporated on November 19, 2019, and Arlene A. Cabot-Carlo is listed as the president. Exploring Together Therapy LLC is a therapy service provider that provides evaluation and therapy in occupational therapy, speech therapy, physical therapy, and psychological therapy for children with disabilities.

Exploring Together Therapy LLC has professional service contracts through PRDOE's Provisional Remedy Program. Exploring Together Therapy LLC has a contract for each student whose parent selected Exploring Together Therapy LLC as their service provider. Each contract stipulates the type of therapy service to be provided, the number of therapies that will be provided per week, the cost of the

therapy session, the name of the therapist who will provide the services, and the place where the therapy services will be provided.

From in or about January 2021, and continuing thereafter until in or about July 2024, Arlene A. Cabot-Carlo used her position as the president of Exploring Together Therapy LLC to steal federal funds belonging to the United States through fraudulent invoicing schemes. Arlene A. Cabot-Carlo caused invoices to be submitted for payment from federal funds via the U.S. Department of Education, knowing that the invoices contained false information and falsely represented the dates and times of services which were not rendered and were not payable. For example, Arlene A. Cabot-Carlo knowingly submitted invoices for services provided on weekends and after 7:00pm, despite Exploring Together Therapy LLC being closed on weekends and after 7:00pm. As a result, Exploring Together Therapy LLC received approximately $89,775 in federal funds for services falsely billed for weekends and $35,064 in federal funds for services falsely billed after 7:00pm.

Ultimately, between January 2021 and July 2024, Exploring Together Therapy LLC willfully and knowingly stole approximately $190,820 in federal funds belonging to the United States via the PRDOE Provisional Remedy Program by submitting fraudulent invoices for therapy services.

At trial, the United States would have proven beyond a reasonable doubt that defendant is guilty as charged in Count One of the Information by presenting physical and documentary evidence, as well as the testimony of law enforcement agents and others.

Linet Olinghouse
Assistant U.S. Attorney
Dated: 10/27/25

Mayte Bayolo
Giovanni Canino
Counsels for Defendant
Dated: 10/22/2025

Exploring Together Therapy LLC
Defendant
Dated: 10/22/2025